IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robyn Lewitzke, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 9:06-0577-PMD |
| v. ) | |
| ) | **ORDER** |
| West Motor Freight and Melvin Raymond, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the court upon Defendant West Motor Freight's ("West Motor")[1] motion to set aside default pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the court denies Defendant's motion.

### **BACKGROUND**

    On August 15, 2005, Plaintiff Robyn Lewitzke ("Lewitzke") filed the present action against Defendants West Motor and Melvin Raymond ("Raymond") in the Court of Common Pleas for Jasper County, South Carolina. Approximately six months later, on February 24, 2006, Defendants removed the action to this court,[2] asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

---

[1] Plaintiff's counsel would be well-advised to proofread more thoroughly his filings with this court as Plaintiff inaccurately refers to Defendant West Motor as "Defendant Ontario" several times in his memorandum.

[2] "[A] defendant has the ability to remove a case to federal court where an entry of default or default judgment has been entered in state court." *Hawes v. Cart Prods., Inc.*, 386 F.Supp.2d 681, 686 (D.S.C. 2005); *see also Matter of Meyerland* Co., 960 F.2d 512, 526 (5th Cir. 1992) ("In prior decisions we have allowed the removal of a case subsequent to a state court default judgment where Rule 60(b) relief was still available."); *and Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) ("Prior to removal, the state court judgment was concededly subject to being set aside in state court. It was subject to the same hazard in federal court after removal.").

    Defendants assert that they filed their notice of removal within 30 days of the receipt of a copy of the initial pleading, as required by 28 U.S.C. § 1446. However, it is clear from the record that Defendant West Motor received the summons and complaint on September 15, 2005; therefore,

In her complaint, Plaintiff seeks recovery from Defendants for alleged personal injuries resulting from a accident that occurred on Interstate 26 near Cayce, South Carolina, on or about September 8, 2004. Specifically, Plaintiff asserts that Defendant Raymond, acting individually and as an agent and/or employee of Defendant West Motor, was operating a tractor-trailer owned and/or being driven under the placard of West Motor when Defendant Raymond moved his tractor-trailer into Lewitzke's lane of travel, resulting in a collision that destroyed her vehicle and caused her bodily injury.

On June 5, 2006, Defendant West Motor filed a motion in this court to set aside "any entry of default and/or default judgment" pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. Defendant sets forth the following bases for its motion:

> (1) there exists good cause to set aside the entry of default and/or default judgment in this case; (2) the default occurred due to mistake and/or excusable neglect; (3) this motion has been made within a reasonable time of the discovery of the default; (4) the Defendant was improperly and/or insufficiently served; (5) the Defendant was improperly placed into default without proper notice and without proper service; (6) the judgment is void; and (7) the Defendant has valid defenses to the Plaintiff's complaint, as set forth in the Amended Answer filed in United States District Court on April 3, 2006 . . . .

---

the notice of removal was not filed within 30 days of West Motor's receipt of the initial pleading. (Aff. of Barclay-Raymond.) Accordingly, and because Plaintiff does not challenge removal, the court is left to attribute timely removal to Defendant Raymond's receipt of the initial pleading, although these circumstances are not clear from the record currently before the court. In the future, defense counsel should set forth in greater detail the circumstances demonstrating the propriety, including the timeliness, of removal.

[3] With regard to the diversity of the parties, Plaintiff Lewitzke is a citizen and resident of Florida, whereas Defendant West Motor is a Pennsylvania corporation with its principal place of business in Boyertown, Pennsylvania. In her complaint, Plaintiff asserts that Defendant Raymond is a citizen and resident of the state of South Carolina, but in their notice of removal, Defendants assert that Raymond is a resident of Georgia. Defendants also assert that the amount in controversy exceeds the jurisdictional amount.

(Defs.' Mot. to Set Aside Default at 1.)  Further in support of its motion, Defendant attached the affidavit of Deborah Barclay-Raymond and a copy of the initial motion to set aside entry of default, which originally had been filed in state court rather than federal court.[4]

Deborah Barclay-Raymond is the Corporate Loss Control Manager for West Motor.  In her affidavit, she asserts that Defendant Raymond was a driver for Evans Delivery, Inc. ("Evans Delivery") at the time of the accident and that Defendant Raymond was not employed by or driving for West Motor at the time of the accident.  Additionally, Barclay-Raymond states that on September 15, 2005, she was served with the summons and complaint.  She then states that to the best of her recollection, she scanned and emailed the summons and complaint to Lincoln General Insurance Company ("Lincoln General") on September 15, 2005, and that she was under the impression that she had followed the necessary steps to defend the lawsuit.  According to Barclay-Raymond, she received notification from Lincoln General on February 24, 2006, that the law firm of Young, Clement, Rivers, LLP had been assigned as defense counsel.  Barclay-Raymond then states that she was surprised to learn on March 29, 2006, that a default judgment had been entered against West Motor.  According to her affidavit, Barclay-Raymond informed legal counsel on March 29, 2006, that Evans Delivery should be the named party in the lawsuit because Defendant Raymond was a driver and owner-operator for Evans Delivery at the time of the accident, and because Raymond had no relationship with West Motor at the time of the accident and was not operating a vehicle owned or leased by West Motor at the time of the accident.  Lastly, Barclay-Raymond states that if she did fail to properly send the summons and complaint to Lincoln General, the default occurred due to

---

[4] Defendants had filed the motion to set aside default in state court on April 3, 2006, more than a month after they had removed the case to federal court.

3

"mistake and/or excusable neglect" on her part as an agent of West Motor. (Aff. at 3.)

On June 23, 2006, Plaintiff filed a memorandum in opposition to Defendant West Motor's motion to set aside default. In her memorandum, Plaintiff asserts that Defendant West Motor is not entitled to relief under either Rule 55 or Rule 60 of the Federal Rules of Civil Procedure. Essentially, Plaintiff argues that Defendant West Motor has not shown "good cause" for its failure to timely answer the complaint and that Defendant West Motor has not addressed the requirements for showing the existence of a meritorious defense.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides the means by which a court may relieve a party from a judgment based on one of six grounds, the primary ground being "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988). "Rule 55 and Rule 60 have different standards of review, but there has been some mixing and mingling of the standards in Fourth Circuit precedent, requiring careful articulation in analyzing such motions." *Colleton Prep. Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004); *see also Palmetto Fed. Sav. Bank of South Carolina v. Indus. Valley Title Ins. Co.*, 756 F.Supp. 924, 929 (D.S.C. 1991), *vac. by agreement of parties*, 1991 WL 832830 (D.S.C. May 15, 1991) ("[T]he recent case law in this area in the Fourth Circuit has set forth standards of relief for cases involving motions under both Rule 55(c) and Rule 60(b), which has muddled the distinction between these two rules.").

In the present case, the state court order states: "IT IS HEREBY ORDERED ADJUDGED AND DECREED that the Plaintiff is granted default judgment against Defendant West Motor Freight." Thus, it seems that the state court entered "default judgment" against Defendant West Motor, which would subject Defendant's motion to the requirements of Rule 60.[5] However, "[w]here defaults and judgments thereon are at issue, Rule 60(b) must be read with due regard for Rule 55(c)." *Augusta Fiberglass*, 843 F.2d at 810. Moreover, because the state court did not hold a hearing on damages before Defendant removed the case, and because some issue exists regarding the notice given to Defendant before the "default judgment," it is not entirely clear based on the current record whether the default at issue actually constitutes entry of default or default judgment.[6] Accordingly, the court considers both alternatives in evaluating Defendant's motion. And fortunately, in evaluating both Rule 55(c) motions and Rule 60(b) motions, the court considers the same factors, but applies those factors more leniently when the action is pursuant to Rule 55(c) as opposed to Rule 60. *See Colleton Prep.*, 223 F.R.D. at 405 ("[A] party attempting to have a judgment set aside bears a heavier burden than a party that is simply in default."). Additionally, when the action is pursuant to Rule 60, the court considers whether the moving party can establish the existence of one or more of the grounds for relief set forth in Rule 60. In any event, it is well settled that "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies

---

[5] The Honorable Jackson V. Gregory signed the order granting Plaintiff "default judgment" on October 26, 2005; this order was filed some time in November.

[6] Moreover, it seems that Defendant itself is not certain whether the default at issue constitutes entry of default or default judgment, as Defendant seeks relief from "any entry of default and/or default judgment" pursuant to Rules 55(c) and 60(b). The court has not been briefed on this issue, and the record is of little help to the court in making this determination. Accordingly, as previously mentioned, the court considers both alternatives in its analysis.

5

largely within the discretion of the trial judge and is not lightly to be disturbed by an appellate court." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

"Traditionally, we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also Reaves*, 2006 WL 694767 at *3; *Colleton Prep. Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004). In *Moradi*, the Fourth Circuit Court of Appeals also instructed courts to consider the personal responsibility of the defaulting party as opposed to the party's attorney, whether there is a history of dilatory action, and the availability of less drastic sanctions. *See Moradi*, 673 F.2d at 727-28; *see also Palmetto*, 756 F.Supp. at 931 (stating that even though the factors set forth in *Moradi* were applied to a Rule 60(b) motion, they "provide useful guidance in a motion to set aside entry of default"). In setting aside the default judgment, the court in *Moradi* was persuaded, in large part, by the defendant's lack of personal responsibility for the default. *See id.* at 728.

Five years later, the Fourth Circuit Court of Appeals denied relief from a default judgment where the defendant, Park, failed to file an answer to the plaintiff's complaint and argued that the summons and complaint had disappeared after being received in the mail room. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). In so denying, the court did not use the *Moradi* factors; however, the court did state that "in order to obtain relief from judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be prejudiced by having the judgment set aside." *Id.* at 896. Then, "[i]f the moving party makes such a showing, he must then satisfy one or more of the

grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id*.

Although the court did not use the *Moradi* factors in *Park*, the Fourth Circuit later harmonized these two opinions in *Augusta*. *See* 843 F.2d 808. In *Augusta*, the defendant's attorney failed to file an answer to the complaint because he believed that negotiations were ongoing. "Although the trial court had denied the defendant's motion for relief, the Fourth Circuit applied the *Moradi* factors and overturned the trial court's decision citing the trial court's failure to distinguish between the fault of the defendant and the fault of the defendant's attorney." *Palmetto*, 756 F.Supp. at 931 (citing *Augusta*, 843 F.2d at 811). The court in *Augusta* stated:

> Although *Park* does not cite or discuss *Moradi*, the results of these two cases are entirely consistent when one considers that in *Park* the party alone was responsible for its default, whereas in *Moradi* the attorney alone was responsible for the default. While *Moradi* does not mention "excusable neglect" or any of the other grounds for relief under Rule 60(b), its import is that, when the party is blameless, his attorney's negligence qualifies as a "mistake" or "excusable neglect" under Rule 60(b)(1). Moreover, both cases require a movant to act in a timely fashion, to avoid unfair prejudice to the non-movant, and to proffer a meritorious defense in order to obtain relief.
>
> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect.

*Augusta*, 843 F.2d at 727 (citing *Park*, 812 F.2d at 897, and *Moradi*, 673 F.2d at 728).

In *Augusta*, the court found that the defendant met its burden to justify relief under Rule 60(b) because it acted promptly, demonstrated a lack of prejudice to the non-movant, and proffered a meritorious defense. *Id*. at 812. However, the court found that "the district court's failure to distinguish between a blameless party and its neglectful attorney constitutes legal error amounting to an abuse of discretion." *Id*. Accordingly, the court reversed and remanded the decision of the

district court for further consideration. *Id*. at 812-813.

In 1991, the District Court for the District of South Carolina addressed the issue of an entry of default in light of the standards set forth in *Moradi* and *Augusta*. *Palmetto*, 756 F.Supp. at 931. The court recognized that different standards govern the setting aside of an entry of default and the setting aside of a default judgment; however, the court found that the *Moradi* factors "provide useful guidelines in a motion to set aside an entry of default." *Id*. The court stated: "Although we realize that this establishes a similar standard for setting aside both entries of default and default judgments, we believe that the manner in which these factors are treated, which is in the discretion of the trial court, can yield a standard which is more burdensome for those seeking to set aside default judgment and less burdensome for those attempting to set aside an entry of default." *Id*. Ultimately, in *Palmetto*, the court applied the *Moradi* factors and stated: "Although the aforementioned factors from *Moradi* would suggest a favorable outcome for the defendant, the personal responsibility of defendant [itself] for the delay warrants a denial of the defendant's motion." *Id*. at 933. Citing *Park*, the court stated that "the caveat against setting aside default judgment based on the mere loss of the complaint is certainly applicable to a motion to set aside default under Fed. R. Civ. P. 55(c)," and accordingly, the court denied the defendant's motion to set aside the entry of default. *Id*. at 934.

More recently, in *Colleton Prep.*, the South Carolina District Court consolidated the factors set forth in the various Fourth Circuit cases to develop the following list of factors for a court to consider: (1) the promptness of the defaulting party; (2) the existence of a meritorious defense; (3) the personal responsibility of the defaulting party as opposed to the party's attorney; (4) the prejudice to the party not in default; (5) whether the defaulting party has a history of dilatory conduct; and (6) the availability of sanctions less drastic. *See Colleton Prep.*, 223 F.R.D. at 405-06.

The court stated: "All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Id*. at 406; *see also Reaves v. Graves*, 2006 WL 694767, *3 (D.S.C. March 17, 2006) ("[T]here is settled policy to encourage disposition of claims on their merits.").

**I.     Applying the Factors**

First, the court is satisfied that Defendant acted reasonably promptly once it learned of the default at issue. Moreover, upon a review of the record, the court finds that Defendant filed its motion in compliance with Rule 60(b), which specifically provides that motions "shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

Next, it is somewhat less clear whether Defendant West Motor has asserted a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta*, 843 F.2d at 812. "While the bare allegation of a meritorious defense is insufficient, the defendant's burden is minimal." *DirectTV, Inc. v. Aiken*, 2004 WL 5472221, *2 (W.D. Va. March 16, 2004) (citing *Consol. Masonry*, 383 F.2d at 251-52)). "[A]ll that is necessary to establish a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727.

Here, Plaintiff argues that Defendant West Motor has not demonstrated the existence of a meritorious defense. In support of her assertion, Plaintiff asserts that Barclay-Raymond's affidavit contains no affirmative statement that Defendant Raymond was not driving under the placard and/or

9

on behalf of West Motor at the time of the accident. However, in the affidavit, Barclay-Raymond does state that, "Defendant Melvin Raymond did not have any type of relationship with West Motor Freight, contractual or otherwise, at the time of the accident, nor was Defendant Melvin Raymond employed by West Motor Freight at the time of the accident, nor was Defendant Melvin Raymond operating a vehicle owned or leased by West Motor Freight at the time of the accident." (Aff. of Barclay-Raymond at 2.) Thus, while Plaintiff is correct in her assertion that Defendant has provided no evidence that Raymond was not driving "under the placard of West Motor," read broadly, Defendant does assert that Raymond was not driving in any way on behalf of West Motor. This broad reading leads the court to find – albeit hesitantly – that Defendant West Motor has met its minimal burden of asserting a meritorious defense, in that it specifically asserts in both its answer to Plaintiff's complaint and its motion that it is an improper party to the suit.[7]

With regard to the personal responsibility of the defaulting party as opposed to the party's attorney, courts have placed the greatest emphasis on this factor, and the Fourth Circuit has stated that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728. For instance, finding that less severe sanctions existed, the court in *Moradi* resolved any doubts as to the propriety of granting relief from default in the appellant's favor, "since the record clearly discloses he bears no personal responsibility for the failure to answer punctually or to appear at the

---

[7] In any event, "the existence of a meritorious defense is not, by itself, a sufficient basis for relief under Rule 60(b)." *Park Corp.*, 812 F.2d at 897. Rather, the movant must demonstrate a meritorious defense and one of the grounds set forth in Rule 60 of the Federal Rules of Civil Procedure. *Id.*; *see also* Fed. R. Civ. P. 60(b) (allowing relief from judgement for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect).

pre-trial conference." *Id.*; *see also Palmetto*, 756 F.Supp. at 932 ("Courts should be more inclined toward relief in those cases in which the attorney is at fault as opposed to those cases in which the defaulting party is to blame.").

In contrast, in the present case, it is clear that the blame for the default lies solely at the feet of Defendant. In her affidavit, Barclay-Raymond admits accepting service of process on September 15, 2005. She asserts that to the best of her recollection, she scanned and emailed the summons and complaint to Lincoln General, but that she did not print out this email for her file. Although she was under the impression that she had transmitted the summons and complaint to the proper party, she apparently received no response and made no further inquiry into the matter until she was informed in February of 2006 that a law firm had been assigned as defense counsel. In March of 2006, she discovered the "default judgment" against Defendant, which had been entered some time in November of 2005. In light of these facts, it is clear that Defendant bears the responsibility in this case, not Defendant's attorney, and therefore, this factor weighs very heavily against Defendant's motion to set aside default.

As to the fourth factor – whether setting aside the default will cause prejudice to the party not in default – Plaintiff argues that the prejudice to it will be great; however, the court does not necessarily find this to be the case because there does not appear to be any missing or dead witnesses or any other events that affect the evidence which may be presented at trial. *See Palmetto*, 756 F.Supp. at 933; *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952-53 (4th Cir. 1987). Thus, although the default certainly may have caused inconvenience and delay to Plaintiff, the court finds that the only prejudice that would result to Plaintiff by granting Defendant relief from default would consist of Plaintiff's inability to have confidence in her service of process. *See Colleton Prep.*, 223

F.R.D. at 407 (finding the plaintiff's position prejudiced by granting relief to defendant because the "plaintiff could never have confidence in its service of process and hence in the timing of its legal actions"). Because Plaintiff may suffer some prejudice, but not necessarily great prejudice, the court finds that this factor weighs only slightly against Defendant's motion.

The court finds no instances of dilatory action on the part of Defendant, other than the initial failure to answer Plaintiff's complaint, which constitutes "a serious oversight and a significant hindrance to an already overburdened judicial process." *Id*. Less drastic sanctions seem impotent in this case because the case does not involve oversight on the part of Defendant's attorney, in which case less drastic sanctions may prove to be a proper deterrent. In the present case, as previously mentioned, the blame for the default lies solely at the feet of the Defendant, and therefore, the court finds that the "judicial system's need for finality and efficiency in litigation should prevail." *Augusta*, 843 F.2d at 811; *see also Palmetto*, 756 F.Supp. at 934 (finding a denial of the defendant's motion to set aside default to be the appropriate sanction where the defendant was to blame for the default).

Ultimately, after evaluating the aforementioned factors, the court believes that Defendant is not entitled to relief under either Rule 55(c) or Rule 60(b). First, applying the factors more leniently pursuant to Rule 55(c), the court finds that Defendant has failed to establish "good cause." Essentially, Defendant argues that the summons and complaint were lost in her email, and therefore, West Motor's failure to timely answer Plaintiff's complaint should be excused. However, Defendant has not provided the court with any proof that it actually emailed the summons and complaint to Lincoln General for processing. Rather, in her affidavit, Barclay-Raymond states that she removed the staples from the papers, noted the file numbers, and made a handwritten note of the date and time

12

she received the papers. She then states that she did not print out the email for her file. Thus, Defendant provides no record that Barclay-Raymond ever sent this email. More importantly, there is no assertion that anyone at Defendant West Motor ever picked up the phone to call Lincoln General to ensure that it received the summons and complaint, or even to notify it of the existence of the summons and complaint. Additionally, it does not appear that anyone at West Motor ever picked up the phone to see whether the summons and complaint were answered.[8] Defendant simply asks this court to excuse its failure as "a mistake and/or excusable neglect." However, "[w]ere we to grant defendant's motion, we would be sending a very clear message to litigants that disregard for the filing periods in this district will be allowed upon the mere assertion that the complaint 'fell through the cracks' of an organization." *Palmetto*, 756 F.Supp. at 934. The court does not wish to send this message, and therefore, the court finds that the circumstances of this case warrant a denial of Defendant's motion for failure to establish "good cause" to justify relief from default.

Likewise, with regard to Rule 60(b), the court finds that Defendant West Motor has failed to demonstrate any of the grounds for relief set forth in Rule 60(b)(1), which provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(1). In support of its assertions, Defendant West Motor has submitted only the affidavit of Defendant Barclay-

---

[8] Even if Barclay-Raymond did email the summons and complaint to Lincoln General, it should be noted that under the substantive law of South Carolina, the failure of the insurance agent to timely respond to a summons and complaint is imputable to the defaulting party. *See Roberts v. Peterson*, 292 S.C. 149 at 151 (S.C. App. 1987); *see also* 12 S.C. Digest *Judgment* Key No. 143 (West 1975) ("The courts of this state have consistently held that the negligence of an attorney or insurance company is imputable to a defaulting litigant."). Moreover, as previously outlined, federal procedural law dictates the same outcome. *See Colleton Prep.*, ("[t]o expand the lenience granted to parties because of the mistakes of their lawyers to all parties would be to effectively eliminate the procedural tool of default with regard to purely legal entities, because after all, corporations act only through agents.").

Raymond, which acknowledges receipt of the summons and complaint on September 15, 2005, and states that "[t]o the best of [Barclay-Raymond's] recollection, [she] scanned and emailed the Summons and Complaint to Lincoln General." (Aff. at 2.) Defendant has not provided the court of any record supporting Barclay-Raymond's assertion that she emailed the summons and complaint to Lincoln General. Moreover, Defendant has not submitted an affidavit evidencing that it made inquiry into the matter and/or was assured that the matter was being handled by those to whom Barclay-Raymond allegedly emailed the summons and complaint. On this record it appears that Barcley-Raymond allegedly emailed the summons and complaint, received no response from Lincoln General, and made no further inquiry or follow up into the matter, until learning some five months later that a law firm had been assigned as defense counsel. In light of Fourth Circuit precedent, these facts and circumstances simply do not constitute grounds for relief from the default judgment under Rule 60(b)(1). As the court stated in *Park Corp.*, where the summons and complaint inexplicably disappeared after having been received in the defendant's mailroom:

> Because Lexington could give no reason for the loss of the complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default. In the absence of any acceptable excuse for Lexington's default, the district court did not abuse its discretion in determining that Lexington had failed to demonstrate any mistake, inadvertence, surprise, or excusable neglect that would justify relief from the default judgment under Rule 60(b)(1). *Indeed, to hold otherwise would be to allow defaulting defendants to escape the consequences of their inaction simply by asserting that the legal process to which they failed to respond was lost.*

*Park Corp.*, 812 F.2d at 897 (emphasis added). "When the moving party is at fault, the party must adequately defend its conduct to make a showing of excusable neglect," and in the present case, the court finds that Defendant West Motor has failed to sufficiently defend its conduct to meet the requirements of Rule 60(b)(1). *Finova Capital Corp. v. Marlo Furniture Co.*, 2000 WL 1025204,

*2 (D. Md. June 20, 2004) (unpublished). Thus, not only does the court find that Defendant West Motor has not demonstrated "good cause" to set aside an entry of default under Rule 55(c), but also, the court finds that Defendant West Motor has not demonstrated any of the grounds for relief in Rule 60(b).[9] Accordingly, the court denies Defendant's motion to set aside "any entry of default and/or default judgment."

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant West Motor's motion to set aside default is hereby **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 11, 2006**

---

[9] In addition to arguing that good cause exists to set aside default in this case and that default occurred as a result of mistake and/or excusable neglect, Defendant also argues that it was improperly and/or insufficiently served, that it was placed into default without proper notice and proper service, and that the default judgment is void. However, Defendant provides the court with no further explanation of these allegations and absolutely no evidence in support of them. Under the circumstances, these unsupported allegations simply cannot provide a basis for relief from default.