IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robyn Lewitzke, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 9:06-0577-PMD |
| v. ) | |
| ) | **ORDER** |
| West Motor Freight and Melvin Raymond, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Defendant West Motor Freight's ("West Motor") Rule 59(e) motion to alter or amend this court's judgment denying West Motor's motion to set aside the entry of default and/or default judgment. *See* Fed. R. Civ. P. 59(e). For the reasons set forth herein, the court denies Defendant's motion.

**BACKGROUND**

On August 15, 2005, Plaintiff Robyn Lewitzke ("Lewitzke") filed the present action against Defendants West Motor and Melvin Raymond ("Raymond") in the Court of Common Pleas for Jasper County, South Carolina. Approximately six months later, on February 24, 2006, Defendants removed the action to this court,[1] asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In her complaint, Plaintiff seeks recovery from Defendants for alleged personal injuries resulting from a accident that occurred on Interstate 26 near Cayce, South Carolina, on or about

---

[1] "[A] defendant has the ability to remove a case to federal court where an entry of default or default judgment has been entered in state court." *Hawes v. Cart Prods., Inc.*, 386 F.Supp.2d 681, 686 (D.S.C. 2005); *see also Matter of Meyerland* Co., 960 F.2d 512, 526 (5th Cir. 1992) ("In prior decisions we have allowed the removal of a case subsequent to a state court default judgment where Rule 60(b) relief was still available."); *and Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) ("Prior to removal, the state court judgment was concededly subject to being set aside in state court. It was subject to the same hazard in federal court after removal.").

September 8, 2004. Specifically, Plaintiff asserts that Defendant Raymond, acting individually and as an agent and/or employee of Defendant West Motor, was operating a tractor-trailer owned and/or being driven under the placard of West Motor when Defendant Raymond moved his tractor-trailer into Lewitzke's lane of travel, resulting in a collision that destroyed her vehicle and caused her bodily injury.

On June 5, 2006, Defendant West Motor filed a motion in this court to set aside "any entry of default and/or default judgment" pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. Defendant set forth the following grounds in support of its motion:

> (1) there exists good cause to set aside the entry of default and/or default judgment in this case; (2) the default occurred due to mistake and/or excusable neglect; (3) this motion has been made within a reasonable time of the discovery of the default; (4) the Defendant was improperly and/or insufficiently served; (5) the Defendant was improperly placed into default without proper notice and without proper service; (6) the judgment is void; and (7) the Defendant has valid defenses to the Plaintiff's complaint, as set forth in the Amended Answer filed in United States District Court on April 3, 2006 . . . .

(Defs.' Mot. to Set Aside Default at 1.) Further in support of its motion, Defendant attached the affidavit of Deborah Barclay-Raymond[2] and a copy of the initial motion to set aside entry of default,

---

[2] Deborah Barclay-Raymond is the Corporate Loss Control Manager for West Motor. In her affidavit, she asserts that Defendant Raymond was a driver for Evans Delivery, Inc. ("Evans Delivery") at the time of the accident and that Raymond was not employed by or driving for West Motor at the time of the accident. Additionally, Barclay-Raymond states that she was served with the summons and complaint on September 15, 2005, and that to the best of her recollection, she scanned and emailed the summons and complaint to Lincoln General Insurance Company ("Lincoln General") that same day. Barclay-Raymond states that she believed that she had followed the necessary steps to defend the lawsuit. On February 24, 2006, Barclay-Raymond received notification from Lincoln General that the law firm of Young, Clement, Rivers, LLP had been assigned as defense counsel. According to Barclay-Raymond, she was surprised to learn on March 29, 2006, that a default judgment had been entered against West Motor. Barclay-Raymond states that if she did fail to properly send the summons and complaint to Lincoln General, the default occurred due to "mistake and/or excusable neglect" on her part as an agent of West Motor. (Aff. at 3.)

2

which originally had been filed in state court rather than federal court.[3]

On June 23, 2006, Plaintiff filed a memorandum in opposition to Defendant West Motor's motion to set aside default, wherein Plaintiff asserted that West Motor was not entitled to relief under either Rule 55 or Rule 60 because West Motor had not shown "good cause" for its failure to timely answer the complaint and West Motor had not addressed the requirements for showing the existence of a meritorious defense.  On August 11, 2006, the court entered an Order denying Defendant West Motor's motion to set aside any entry of default and/or default judgment. Specifically, the court found that it was not entirely clear from the record whether the default at issue constituted entry of default or default judgment; however, the court considered both alternatives in evaluating West Motor's motion and ultimately determined that West Motor was not entitled to relief under either Rule 55(c) or Rule 60(b).

On August 21, 2006, Defendant West Motor filed a motion to reconsider the court's August 11, 2006 Order.  Plaintiff filed a memorandum in opposition to West Motor's motion on September 7, 2006.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure governs West Motor's motion to reconsider.  *See* Fed. R. Civ. P. 59(e).  "There are three circumstances in which the district court may grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"  *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d

---

[3] Defendants had filed the motion to set aside default in state court on April 3, 2006, more than a month after they had removed the case to federal court.

284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). Notably, Rule 59(e) motions may not be used to raise arguments that could have been raised before the judgment was issued, or to argue a case under a new legal theory. *See Pacific Ins. Co.,* 148 F.3d at 403 (4th Cir. 1998). Here, Defendant West Motor asserts that reconsideration of the court's August 11, 2006 Order is appropriate to prevent manifest injustice.

## DISCUSSION

In its motion to reconsider, West Motor first argues that the default order from the Jasper County Court of Common Pleas is an entry of default, rather than a default judgment, because the state court made no determination of damages.[4] Thus, West Motor asserts that is entitled to relief under Federal Rule of Civil Procedure 55(c) due to a lack of prejudice to Plaintiff[5] and the existence of a meritorious defense.[6] Second, Defendant asserts that in the alternative, even if the default at issue constitutes default judgment, it still is entitled to relief under Federal Rule of Civil Procedure 60. Essentially, Defendant argues that a balancing of the relevant factors pursuant to a Rule 60(b)

---

[4] As previously mentioned, the court acknowledged in its August 11, 2006 Order that it was not entirely clear based on the record whether the default at issue constituted entry of default or default judgment. Accordingly, the court considered both alternatives in evaluating Defendant's motion and ultimately determined that Defendant was not entitled to relief under either alternative.

[5] In its motion, Defendant somewhat inaccurately states that "the Court recognizes that there exists no such prejudice that might weigh against relieving the Defendant of the entry of default." (Def.'s Mot. at 3.) In fact, the court found in its August 11, 2006 Order that Plaintiff "may suffer some prejudice, but not necessarily great prejudice," and that this factor weighed only slightly against Defendant's motion. (Order at 12.) Specifically, the court found that the prejudice that would result to Plaintiff would consist of her inability to have confidence in her service of process. *See Colleton Prep. Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 407 (D.S.C. 2004) (finding the plaintiff's position prejudiced by granting relief to the defendant because the "plaintiff could never have confidence in its service of process and hence in the timing of its legal actions").

[6] In its August 11, 2006 Order, the court stated that a "broad reading [of Barclay-Raymond's affidavit] leads the court to find – albeit hesitantly – that Defendant West Motor has met its minimal burden of asserting a meritorious defense . . . ." (Order at 10.)

4

analysis weighs in favor of Defendant, contrary to this court's previous determination.

In response to Defendant's motion to reconsider, Plaintiff filed a memorandum in opposition, asserting that Defendant is not entitled to relief. Ultimately, upon a review of the record and the relevant case law, the court agrees with Plaintiff for the following reasons.

Here, there has been no change in controlling law, and Defendant has not provided the court with any new, previously unavailable facts. Rather, as previously mentioned, Defendant seeks reconsideration of this court's order to prevent manifest injustice. However, in its motion, Defendant simply reasserts its position that it is entitled to relief from "any entry of default and/or default judgment," and it is rather clear from a reading of Defendant's motion that Defendant simply disagrees with the court's application of the law to the facts. Unfortunately for Defendant, this is not a basis for reconsideration. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("While plaintiffs disagreed with how the district court applied the *Christiansburg* standard, mere disagreement does not support a Rule 59(e) motion."); *McCall v. Williams,* 59 F.Supp. 2d 556, 558 (D.S.C. 1999) ("Mere disagreement with how the law is applied does not support a Rule 59(e) motion."); *Carlson v. Ferguson,* 9 F.Supp. 2d 654, 657 (S.D.W.Va. 1998) ("After reviewing the basis for Respondents' Rule 59(e) motion, it is apparent that Respondents are not asking the Court to amend its judgment; they are petitioning the Court to alter its analysis. Mere disagreement with a Court's analysis or application of a statute does not support a Rule 59(e) motion.").

In the court's August 11, 2006, the court took great efforts to thoroughly explain the applicable law and to evaluate Defendant's motion pursuant to both the less stringent standard for motions to set aside entry of default and the more stringent standard for motions to set aside default judgment. After applying the relevant factors more leniently pursuant to Rule 55(c), the court found

5

that Defendant had failed to establish "good cause." Likewise, with regard to Rule 60(b), the court found that Defendant failed to demonstrate any of the grounds for relief set forth in Rule 60(b)(1), which provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Ultimately, because Defendant, in its motion to reconsider, simply disagrees with the court's analysis and rehashes previously-made and rejected arguments, the court finds that Defendant's motion must be denied.

## CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons, that Defendant West Motor's Rule 59(e) motion is hereby **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 30, 2006**